[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On May 1, 2001 this Court presided over a trial in the matter of In reEmily O., Marco O., and Daniel C. Present in the courtroom were Assistant Attorney General Mildred Bauza, counsel for the Department of Children and Families, Attorney William Kinloch, counsel for the minor child and Maria Acevedo, social worker for the Department of Children and Families.
Respondent parents were not present in court for any portion of the proceedings. All were properly notified of the trial date.
The testimony and exhibits provided at this hearing provided the following procedural history. In June 1996, the Superior Court for Juvenile Matters entered an order of temporary custody on behalf of these three siblings. The primary basis for action were allegations that the children's custodial parent, Ana M exposed the children to drug abuse, failed to protect the children from hazardous conditions and failed to provide appropriate supervision for the children. The children were committed to the custody of the Department of the Children and Families on October 31, 1996. There have been a series of subsequent commitment CT Page 6170 extensions. These siblings have been in a series of foster homes since that date.
On September 22, 2000 this court terminated the parental rights of the children's mother, Ana M.
The Department has filed a petition for Termination of Parental Rights. The bases for the termination for both Respondent Father Horacio O. father of Emily and Marco, and Gabriel C, father of Daniel, are abandonment and lack of on going parent/child relationship.
The State introduced the following exhibit:
Exhibit A: Social Study in Support of the Petition for Termination of Parental Rights dated October 2, 2000.
Based on the testimony and documentary evidence presented, this Court makes the following findings:
 A: There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate both Hector O. and Gabriel C.
Although both fathers were appropriately notified of the pending proceedings, neither chose to attend.
 B. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to reunify the children with their parents.
In the present case, the Department made reasonable efforts. However, because the fathers have abandoned their children and have not made themselves available to the court, the Department of Children and Families or their counsel, the efforts were not successful.
 C. There is clear and convincing evidence that for at least one year the following has existed:
 (1) The children have been abandoned. Both fathers have failed to maintain a reasonable degree of interest, concern or responsibility;
 (2) The actions of the parents were such that there is no parent — child relationship at the CT Page 6171 present time.
 D. Termination is in the best interests of the children by clear and convincing evidence.
In arriving at this decision, the court has considered the following factors:
 1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of children with parents.
The Department of Children and Families was immediately available for these families, offering services in a variety of areas. Neither father utilized any of these programs.
 2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Neither father has ever contacted either the court or the Department of Children and Families. Neither sought visitation with their children; neither inquired about the welfare of their children. In summary, they have ceased to acknowledge their children's existence. Furthermore, they failed to adhere to any of the court's expectations.
 3. Feelings and emotional ties of the children with respect to their fathers and any person who exercised physical care, custody and control of the children for at least one year with whom the children have developed significant emotional ties.
These siblings ranged in age from two to five when they initially entered foster care placement. They are currently in separate homes, all with loving caregivers. Neither parent has ever contacted the Department of Children and Families to inquire about the welfare of their children. Neither has provided financial support. Neither has offered resources to their child. Neither has acknowledged the special anniversaries or holidays generally considered important by children.
The children have a strong attachment to their current placement, where they have security and consistency.
4. Age of the Children.
CT Page 6172 Daniel C is ten years old. Marco O. is eight years old. Emily O. will be seven years old shortly.
 4. Parents efforts to adjust their circumstances to make it in the best interests of the children to return them home in the foreseeable future, including the extent of parental contact or communication with the children's guardian or custodian.
To the knowledge of this court, neither father has made any effort to accommodate the needs of these children.
 5. Extent to which the parent has been prevented from maintaining a meaningful relationship with the children by unreasonable acts of the children, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with the children. They merely chose not to exercise this right.
 6. Whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The Department of Children and Families has made every reasonable effort to reunite these families. Unfortunately at the present time, termination of parental rights is in the best interests of the children.
The statutory parent for Daniel C, Emily O. and Marco O. shall be the Commissioner of the Department of Children and Families. A case plan must be filed on or about June 2, 2001.
 __________________________ Julia DiCocco Dewey, Judge May 3, 2001